UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TACUMA J. M'WANZA,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>Q. BYRNA, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:16-cv-00590-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner, who appears to be incarcerated again. (ECF Nos. 1-1, 11, 12.) On June 9, 2020, the Ninth Circuit Court of Appeals vacated the Court's order denying Plaintiff's motion for reconsideration seeking to revive his case. (ECF No. 18.) Per both the Ninth Circuit's order (*id.*) and this Court's prior order (ECF No. 21), the Court now re-evaluates Plaintiff's motion to revive his case (ECF No. 12) using the four-factor test for excusable neglect outlined in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). As further explained below, the Court will again deny Plaintiff's motion to revive.

**II.　BACKGROUND**

In October 2016, Plaintiff, who was then an inmate in the custody of the Nevada Department of Corrections ("NDOC"), initiated this action by submitting a civil rights complaint pursuant to 42 U.S.C. § 1983, and filing an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) On May 1, 2017, Plaintiff changed his address from Ely State Prison to an address in Minnesota. (ECF No. 4.) On May 18, 2017, Plaintiff changed his address to the Northern Nevada Correctional Center ("NNCC"). (ECF No. 5.)

///

On September 15, 2017, the Court issued an order directing Plaintiff to file his updated address with the Court because the NDOC database indicated that Plaintiff was no longer at NNCC. (ECF No. 6.) The Court also directed Plaintiff to file an application to proceed *in forma pauperis* by a non-prisoner. (*Id.*) The Court gave Plaintiff 30 days to file both an updated address and an application to proceed *in forma pauperis* by a non-prisoner. (*Id.*) The Court warned that if Plaintiff failed to timely comply with the order, the Court would dismiss the case without prejudice. (*Id.* at 2.) On September 18, 2017, the Court amended the order to correct a typo and restarted the 30-day deadline from the date of the amended order. (ECF No. 7.)

On October 27, 2017, after no response from Plaintiff, the Court dismissed the case without prejudice for failing to comply with the September 18, 2017 order. (ECF No. 8.) The Clerk of Court entered judgment the same day. (ECF No. 9.)

On August 13, 2018, Plaintiff filed a change of address notification and indicated that he was now housed at Southern Desert Correctional Center ("SDCC"). (ECF No. 10.) On October 4, 2018, Plaintiff filed a motion to revive his § 1983 action. (ECF No. 12.) In the motion to revive, Plaintiff stated that he had the Court send his mail to his brother in Minnesota but did not know that his brother had moved in August 2017. (*Id.* at 2.) Plaintiff asserted that his brother did not give him any notice and did not forward Plaintiff's legal mail. (*Id.*) Additionally, Plaintiff stated that during that time, Plaintiff was homeless in Reno and never received the Court's order. (*Id.*) Plaintiff "in error overlooked and forgot that [he] had filed this civil action which was in the screening process at the time of Plaintiff's release." (*Id.*) Plaintiff asked the Court to revive his action so that he could proceed. (*Id.*)

On October 5, 2018, the Court denied the motion to revive. (ECF No. 13.) Specifically, the Court stated:

> Even accepting Plaintiff's explanation that he provided the Court with his brother's address, but his brother had moved, and he was homeless for a period of time, Plaintiff failed to provide a valid reason for his failure to timely notify the Court of his updated address when his situation changed. In fact, Plaintiff waited almost a year to file his current motions. By his own account, he forgot that he filed this action. Accordingly, the Court finds that Plaintiff has not offered a valid reason to warrant reconsideration.

(*Id.* at 2.) Plaintiff appealed. (ECF No. 14.)

On June 9, 2020, the Ninth Circuit vacated and remanded. (ECF No. 18.) The Ninth Circuit stated:

> The district court denied M'wanza's motion for reconsideration because M'wanza failed to establish a valid basis for relief. However, the district court focused on only one factor of the equitable test for excusable neglect. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993) (outlining the four-factor test for determining excusable neglect); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (holding that the test set out in *Pioneer* applies to Rule 60(b) motions). We vacate and remand for the district court to consider the four-factor test in the first instance.

(*Id.* at 2.) The Court now addresses the four-factor test in the first instance.

## III.  DISCUSSION

Plaintiff is essentially asking this Court to set aside its judgment dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1). This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In *Pioneer*, the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer*, 507 U.S. at 388.  In assessing whether a set-aside is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* at 395.

### 1.  Prejudice to the Defendant

To be prejudicial, the "standard is whether [defendants'] ability to pursue [their defenses] will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel.*

*Breiner*, 532 U.S. 141 (2001). The loss of a quick victory does not constitute prejudice. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

The Court finds that this factor weighs in favor of setting aside its prior judgment and reopening the case because the Court never had a chance to screen the complaint and Defendants had not been served.

### 2. Length of the Delay

Next, the Court considers whether Plaintiff's neglect caused significant delay and its impact on the proceedings. *See Pioneer*, 507 U.S. at 395. The Court finds that this factor weighs against setting aside judgment. In September 2017, the Court directed Plaintiff to file an updated address with the Court within 30 days, but Plaintiff waited 11 months to comply with that order.

### 3. Reason for the Delay

When assessing the reason for the delay, the Supreme Court interprets Congress's intent as permitting courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225.

The Court dismissed this case because Plaintiff failed to respond to the Court's order directing him to file his updated address and to file an application to proceed *in forma pauperis* for non-prisoners. Plaintiff attempts to explain his lack of responsiveness due to a change in his brother's Minnesota address and his brother's failure to inform Plaintiff that he had moved. (ECF No. 12.) However, the entries on the docket sheet tell a different story. The docket demonstrates that on May 1, 2017, Plaintiff changed his mailing address to reflect his brother's address in Minnesota. (ECF No. 4.) However, on May 18, 2017, Plaintiff changed his mailing address back to NNCC. (ECF No. 5.) In September 2017, the Court sent its orders to Plaintiff at NNCC and not to Minnesota. As such, it was Plaintiff's failure to update his address with the Court that caused his inability

to receive the Court's orders and not the failure of Plaintiff's brother to forward orders along to Plaintiff. Additionally, although the Court is sympathetic to Plaintiff's homelessness, Plaintiff admits that he forgot about his civil lawsuit during his release. (ECF No. 12 at 2.) Plaintiff seemed only to remember his lawsuit when he returned to prison. (*See* ECF No. 10 at 1.)

The Court finds that Plaintiff has not demonstrated excusable neglect. Plaintiff ignored this case for almost a year because he forgot he had filed the case. "Litigation is not a light switch that a party can turn off and on at his convenience." *Turner v. Nevada Dep't of Corr.*, No. 2:13-cv-01740-JAD-VCF, 2016 WL 4203818, at *4 (D. Nev. Aug. 8, 2016), *aff'd sub nom. Turner v. High Desert State Prison*, 695 F. App'x 336 (9th Cir. 2017).

### 4. Bad Faith

For the last factor, the Court examines whether Plaintiff acted in bad faith when he failed to respond to the Court's orders and meet its deadlines. While the Court cannot say he acted in bad faith, the Court is also not persuaded that Plaintiff acted in good faith when he failed to meet the Court's deadlines. As explained above, Plaintiff knew about his lawsuit, and knew how to update his address with the Court. Yet, he failed to update his address with the Court, forgot about his lawsuit while he was out of prison, and apparently only decided to pursue his lawsuit after he returned to prison.

After considering all four of the *Pioneer* factors, the Court finds that the factors weigh against setting aside judgment. The Court thus again denies Plaintiff's motion to revive (ECF No. 12).

## IV. CONCLUSION

It is therefore ordered that in light of the Ninth Circuit remand (ECF No. 18), the Court has reviewed its order (ECF No. 13), applied the four-factor test in *Pioneer*, and again denies the motion to revive (ECF No. 12).

It is further ordered this case is again dismissed without prejudice for the reasons stated in the Court's prior order (ECF No. 8) and judgment (ECF No. 9).

///

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 16th day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE